LASETER *v.* TERRAL.

Opinion delivered March 30, 1925.

1. APPEAL AND ERROR—EXCLUSION OF TESTIMONY.—It cannot be maintained on appeal that the court erred in excluding the testimony of a witness if it is not shown what the testimony of the witness would have been.

2. EXECUTORS AND ADMINISTRATORS—DISALLOWANCE OF CLAIM—EVIDENCE.—On a claim by a father against the estate of his son, to which defense was made that a policy on the son's life in favor of the father was intended as security for the loan, the proceeds of the policy having been received by the father, evidence *held* to sustain a judgment allowing credit for such proceeds.

3. INSURANCE—CONTINUANCE OF POLICY TO SECURE NEW LOANS.—Where a son gave his father a life insurance policy to secure loans, which were subsequently paid, the giving of new loans was sufficient consideration for continuing the insurance as security for the new loans.

4. HUSBAND AND WIFE—HUSBAND AS WIFE'S AGENT.—Evidence that a father, in making a loan to his son, acted as agent for his wife and acquiesced in the son securing the loan with an insurance policy, the proceeds of which the father collected after the son's death, *held* to warrant the inference that the father in collecting the policy had authority to act as his wife's agent.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris*, Judge; affirmed.

*Mehaffy, Donham & Mehaffy*, for appellant.

*Tom Campbell, Floyd Terral*, and *J. C. Marshall*, for appellee.

HUMPHREYS, J. This suit was brought by appellant in the probate court of Pulaski County, for $500 in his

own right and for $750 as administrator of the estate of Mattie H. Laseter, deceased, against appellee as the administrator of the estate of W. E. Laseter, deceased. Appellant, A. F. Laseter, was the father of W. E. Laseter, and the husband of Mattie H. Laseter. The suit was originated by filing verified claims in the probate court against the estate of W. E. Laseter, deceased, which had been disallowed by the administrator of the estate of W. E. Laseter, deceased, when presented to him. The probate court allowed the claims, from which allowance an appeal was prosecuted to the circuit court of Pulaski County, where the cause was submitted to a jury upon the testimony adduced by the respective parties and instructions of the court, which resulted in a verdict and consequent judgment in favor of the estate of W. E. Laseter, deceased, on appellant's individual claim, and in favor of appellant, as administrator of the estate of Mattie H. Laseter, deceased, in the sum of $250, with interest from May 17, 1920, from which is this appeal.

The sole contention of appellant for a reversal of the judgment is that the evidence is insufficient to support it. Appellee admitted the existence of the indebtedness at the time W. E. Laseter died, but claimed that $1,000 of the amount was liquidated by the proceeds derived by appellant from a life insurance policy which had been carried by W. E. Laseter in his lifetime in favor of appellant, his father, to secure the indebtedness.

The record reflects, according to the undisputed testimony, that, some time prior to the year 1915, at which time W. E. Laseter married, he took out a policy for $1,000 in favor of his father to protect an indebtedness of $1,500 or $1,600 which he had borrowed from his father with which to pay his expenses while at school; that, after he married, he and his wife paid this indebtedness; that thereafter he borrowed $500 from his father and $750 from his stepmother with which to buy a farm, which amount was carried by them against him as an open account; this amount of money was turned over to him, in his brother's place of business, by his father,

at the time the loan was made, in the form of personal checks of himself and wife; that, in addition to the $1,250 loan, he owed his father a note for $244, and his stepmother some other money, protected by another insurance policy, which amounts were paid off partly before and partly after his death; that appellant was not dependent upon W. E. Laseter for his support, but, on the contrary, was a man of some means; that W. E. Laseter's family consisted of himself, his wife, and a girl child; that, about three months after his death, his widow gave birth to another child; that W. E. Laseter was a man of small means, and his wife had no separate property of consequence.

The record reflects, however, a sharp conflict in the testimony as to the purpose of continuing the $1,000 policy in the name of A. F. Laseter as the beneficiary, after the payment of the $1,500 or $1,600 loan.

Mrs. Ernest Protho, who was the widow of W. E. Laseter, deceased, testified in substance that A. F. Laseter was continued as the beneficiary in the policy for the purpose of securing the $1,250 loan made to her husband by his father and stepmother. She said that, in talking the matter over, her husband offered to give his father a note or to continue the policy in his name as security for the loan, and that his father declined to take a note, and said he did not want him to carry insurance for him, as it cramped him financially; that her husband replied that he might die, and handed her the policy, saying, "Mother, keep this; and if I die, pay father the $1,000 you derive from the policy upon the $1,250 loan;" that his father made no objection to the arrangement; that, after the death of her husband, she gave his father the $1,000 policy and offered to pay him $250; that he took the policy, but refused to take the $250; that, after collecting the policy, he demanded that she pay him $1.250 or else execute a note to him for that amount, which she declined to do, claiming that the policy had liquidated $1,000 of the indebtedness and that she only

owed $250 additional, which she was ready and willing to pay.

A. F. Laseter testified in substance that the insurance policy of $1,000 in which he was the beneficiary was not carried by his son as security for the $1,250 loan; that the only conversation that he had with his son relative to the policy was to advise him to drop it, as the payment of the premiums thereon worked a financial hardship upon him; that, after his son's death, he obtained the policy from the agent of the insurance company, and not from his daughter-in-law, Mrs. Protho; that he collected the policy in the belief that it was his own, and not for the purpose of applying the proceeds to the payment of the $1,250 loan; that he never tried to collect or get a note for $1,250 from Mrs. Protho.

Roy M. Laseter, the brother of W. E. Laseter, deceased, testified that, when his father delivered the checks to his brother, in witness' place of business, to cover the $1,250 loan, nothing was said about insurance; that the only remark made by his brother was that he would execute a mortgage to secure the loan as soon as he got a deed to the farm. Appellant offered to prove by witness a statement made by W. E. Laseter in his lifetime to him about the policy, which testimony was excluded, over appellant's objection. It was not shown what the testimony of the witness would be if permitted to testify with reference to the statement, so we cannot say on appeal that the court committed error in excluding this piece of testimony.

After a careful reading of the testimony, and a construction of same in the light of the rule that it must be construed as strongly as possible in favor of the verdict, we are convinced that the judgment is supported by evidence of a substantial nature. The record not only contains direct and positive evidence to the effect that the $1,000 policy was carried by W. E. Laseter as security for the $1,250 loan, but there are potent circumstances therein from which the jury might have drawn such an inference. The circumstances referred to relate to the

situation and condition of the parties at the time the loan was made. The financial condition of appellant was much better than that of his son, W. E. Laseter. Appellant was not dependent upon his son for support. W. E. Laseter's wife and daughter were dependent upon him. The jury might have drawn a reasonable inference that, unless he was carrying the policy to secure the $1,250 loan from his father and stepmother, he would have changed the beneficiary in the policy from his father to his wife, who was soon to give birth to another child, or to his little daughter.

The suggestion advanced that, if the agreement testified to by Mrs. Protho was actually made, there was no consideration to support it is not sound, for new loans were sufficient consideration for continuing the insurance to secure same.

Again, it is suggested that, if such an agreement existed, there is no evidence in the record tending to show authority in appellant to collect the debt due Mattie H. Laseter, or that payment to appellant bound her or her estate. The testimony reveals that, in making the loan, appellant acted as agent for his wife. It also tends to show that appellant acquiesced in the arrangement of his son to secure the loan with the insurance policy, which policy was collected by him after his son's death. The jury might have drawn a reasonable inference from the fact that appellant made the loan, took security therefor, and collected same, together with his relationship to Mattie H. Laseter, that he had authority to act as her agent in collecting the indebtedness.

The court correctly refused, under the testimony in the case, to instruct a verdict for appellant, and correctly declared the law applicable to the facts in the case.

No error appearing, the judgment is affirmed.